**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| H.A. and L.Y., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | NO. 1:26-cv-2921-TWT |
| | ) | |
| KHUSHAL HOSPITALITY LLC, | ) | |
| KHUSHAL HOSPITALITY | ) | |
| MANAGER, LLC, and JOHN | ) | |
| DOES 1-5, | ) | |
| | ) | |
| Defendants. | ) | |

**BRIEF IN SUPPORT OF DEFENDANT KHUSHAL HOSPITALITY, LLC
AND KHUSHAL HOSPITALITY MANAGER, LLC'S MOTION TO
DISMISS CERTAIN CLAIMS**

COME NOW, Defendant Khushal Hospitality, LLC and Khushal Hospitality

Manager, LLC, (hereinafter "Defendants") in the above-styled action, and file this

Brief in Support of their Motion to Dismiss Plaintiffs' claims for statutory liability

under 18 U.S.C. § 2255 public nuisance, public nuisance *per se*, punitive damages

and attorneys' fees, pursuant to FED. R. CIV. P. 12(b)(6), and respectfully shows the

Court as follows:

### I.    Introduction

Plaintiffs' Complaint asserts that Plaintiffs H.A. and L.Y. were trafficked for

sex as minors by an unidentified trafficker who brought them to a Motel 6 hotel

located at 1200 Virginia Avenue, Atlanta, Georgia 30344 during an unspecified

period in 2014 and 2015. (*See* Pl. Compl., at ¶¶ 1, 5). Plaintiffs assert various claims against the Defendants arising out of this alleged sex trafficking: (1) Violations of 18 U.S.C. § 1595 and Masha's Law, 18 U.S.C. § 2255; (2) Public Nuisance; (3) Public Nuisance *Per Se*; and Plaintiffs seek to recover punitive damages and attorneys' fees and expenses pursuant to O.C.G.A. §§ 13-6-11, 9-11-68, 9-15-14, and 18 U.S.C. § 1595(a). Despite eighty-four paragraphs in Plaintiffs' Complaint, they failed to allege viable claims. Plaintiffs' Complaint does not sufficiently pled a claim for Masha's Law, public nuisance, public nuisance *per se*, punitive damages, or attorneys' fees upon which relief could be granted. Instead, Plaintiffs offer mere recitations of the legal elements of these claims that are unsupported by factual assertions specific to each Defendant. The conclusory allegations within Plaintiffs' Complaint are ineffective, and this Court should dismiss these claims.

## II.    Statement of Facts

Plaintiffs H.A. and L.Y. contend that they were victims of sex trafficking that allegedly occurred at a Motel 6 owned and operated by Defendants while they were minors. (*See* Pl. Compl., at ¶ 1). Specifically, Plaintiffs assert that the alleged trafficking occurred in 2014 and 2015 and that they were minors at that time. (*Id*.) Plaintiffs do not specify what their ages were at the time of the alleged trafficking. (*See* Pl. Compl., generally). They assert that the Motel constituted a public nuisance under Georgia law because it "negligently or recklessly turned a blind eye and

permitted illegal activities to occur…[and] As a direct result of this nuisance, Plaintiffs were sold for sex" and incurred special damages. (*See* Pl. Compl., at ¶ 8b).

Count I of Plaintiffs' Complaint asserts that Defendants violated the TVPRA, codified at 18 U.S.C. § 1595, and Masha's law, codified at 18 U.S.C. § 2255, for knowingly benefitting from participation in a "Motel venture" that they knew or should have known violated the TVPRA by causing Plaintiffs to be trafficked for sex. (*See* Pl. Compl., at ¶¶ 50-66).

Count II of Plaintiffs' Complaint asserts a nuisance claim. (*See*, generally, Pl. Compl., at p. 24). Plaintiffs quoted Georgia's statutes describing a nuisance and the difference between a public and private nuisance. (*See* Pl. Compl., at ¶¶ 68-71). Notably, O.C.G.A. § 41-1-2 provides that "A public nuisance is one which damages all persons who come within the sphere of its operation, though it may vary in its effects on individuals." (*See* Pl. Compl., at ¶ 69). O.C.G.A. § 41-1-3 further explains that "A public nuisance generally gives no right of action to any individual. However, if a public nuisance in which the public does not participate causes special damage to an individual, such special damage shall give a right of action." (*See* Pl. Compl., at ¶ 70). In support of Plaintiffs' public nuisance claim they simply recite this statutory language without factual allegations and state "The Motel caused or contributed to a blighting effect on the surrounding community, so that the Motel negatively damaged all persons who came within the sphere of the operation of the

crime, sex trafficking, and prostitution at the Motel, although the effects on each person may have varied….[including by] permitting persons of questionable character, and encouraged idleness, loitering, vagrancy, and had a tendency to breed crime and debauch the morals of the community." (*See* Pl. Compl., at ¶¶ 73-74). Their Complaint is missing well-pled facts explaining how all persons who visited the motel were damaged. Plaintiffs echo the non-descript phrase "blighting effect on the surrounding community" but fail to explain the actual damage to all persons entering the sphere of the alleged nuisance.[1] (*See* Pl. Compl., at ¶¶ 73-74). Likewise, there is also no assertion that the public did *not* participate in the nuisance despite it being a necessary element for a cause of action for a public nuisance. (*See* O.C.G.A. § 41-1-3; Pl. Compl., at ¶ 70). Rather, Plaintiffs allege the opposite: that numerous individuals of the public participated in the trafficking because they claim that "a large number of buyers frequented the Motel each day." (*See* Pl. Compl., at ¶ 25). The section of Plaintiffs' Complaint regarding "Public Nuisance Per Se" offers no further details on these necessary elements of their claim.

In the last section of their Complaint, Plaintiffs describe their alleged damages and assert they are "entitled to an award of punitive damages…because the actions of Defendants and their employees were willful and wanton and showed an entire

---

[1] Plaintiffs allege that the nuisance "had a tendency to breed crime and debauch the morals of the community" but these, too, are general and conclusory allegations lacking facts to support their public nuisance claim. (*See* Pl. Compl., ¶74).

want to care, which raises the presumption of a conscious indifference to consequences." (*See* Pl. Compl., at ¶ 83). They did not offer any factual explanation as to what actions by either specific Defendant, or their employees, constitute such willful or wanton behavior. (*See* Pl. Compl., at ¶¶ 81-84). Plaintiffs then assert that "Defendants' actions evidence a species of bad faith, were and are stubbornly litigious, and have caused Plaintiffs undue expense" for which they believe they are entitled to recover attorneys' fees and expenses of litigation pursuant to O.C.G.A. §§ 13-6-11, 9-11-68, 9-15-14, and 18 U.S.C. § 1595(a). (*See* Pl. Compl., at ¶ 84). But, again, Plaintiffs declined to offer any factual allegations describing what actions by Defendant Khushal Hospitality, LLC or Defendant Khushal Hospitality Management, LLC evidence bad faith, nor did they provide any explanation as to how the Defendants were stubbornly litigious and caused undue expense. (*See* Pl. Compl., at ¶¶ 81-84).

In preparing their response to the allegations in Plaintiffs' Complaint, Defendants now respectfully move this Court to dismiss these certain claims for Plaintiffs' failure to properly state a claim upon which relief may be granted.

## III.    <u>Argument and Citation of Authority</u>

The federal standard that a complaint should provide a short and plain statement that the pleader is entitled to relief demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  FED. R. CIV. P. 8(a)(2); *Chapparo v.*

*Carnival Corp.*, 692 F.3d 1333, 1337 (11th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). While courts accept well-pled factual allegations as true and may draw reasonable inferences in a plaintiff's favor, a complaint must state a claim for relief "that is plausible--and not merely possible--on its face." *Almanza v. United Airlines, Inc.*, 851 F.3d 1060, 1066 (11th Cir. 2017) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although detailed factual allegations are not necessarily required, the pleading must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Naked assertions without factual support are insufficient to state a claim upon which relief can be granted. *See Iqbal*, 556 U.S. at 678; *see also D.H. v. Tucker Inn Inc.*, 689 F. Supp. 3d 1304, 1308. Mere legal conclusions must be eliminated from the complaint when considering a motion to dismiss. *See Iqbal*, 556 U.S. at 679; *see also Holland v. Carnival Corp.*, 50 F.4th 1088, 1093 (11th Cir. 2022).

### a. *Plaintiffs' Complaint fails to state a viable claim under Masha's Law.*

Count I seeks statutory liability against Defendants pursuant to two enumerated statutes: 18 U.S.C. § 1595 and 18 U.S.C. § 2255. Importantly, Plaintiffs' TVPRA claim is solely based on 18 U.S.C. § 1595(a), which is the civil beneficiary provision of the TVPRA. There is another TVPRA statute, 18 U.S.C. § 1591, that allows for criminal liability for perpetrators of sex trafficking. Plaintiffs' complaint

makes clear that they are not seeing recovery under the criminal statute, and, rightfully so, as Plaintiffs are civil actors seeking financial recovery, not prosecutors or agents of the State seeking criminal punishment. For this reason, Plaintiffs cannot recover any damages under 18 U.S.C. § 2255 – known as Masha's Law – and this claim should be properly dismissed.

Masha's Law permits for the recovery of monetary damages to victims of certain crimes if such criminal acts occurred when the victim was a minor. Specifically, the statute provides as follows at section (a):

> **In general**. Any person who, while a minor, was a victim of a violation of section 1589, 1590, 1591, 2241(c), 2242, 2243, 2251, 2251A, 2252, 2252A, 2260, 2421, 2422, 2423 of this time and who suffers personal injury as a result of such violation, regardless of whether the injury occurred while such person was a minor, may sue in any appropriate United States District Court and shall recover the actual damages such person sustains or liquidated damages in the amount of $150,000, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred….

18 U.S.C. § 2255(a).

Based on the plain text of the statutory language, Masha's Law only applies to victims of violations of certain statutes, which are clearly enumerated in the statute. In fact, all of the 14 specified statutes to which Masha's Law applies are criminal statutes. This makes sense because the purpose of Masha's Law is to provide a civil cause of action for victims to assert against perpetrators of certain crimes. A simple exercise of statutory interpretation supports the dismissal of this claim in this litigation. Courts are required to interpret statutory language "according

to its plain meaning as understood within its statutory context." *Turner v. U.S. Atty. Gen.*, 130 F.4th 1254, 1258 (11th Cir. 2025). Where the statute's language is plain, the sole function of the courts is to enforce it according to its terms. *Caminetti v. United States*, 242 U.S. 470, 485 (1917).

Here, a plain reading of Masha's Law shows that it does not apply to violations of 18 U.S.C. § 1595. If Congress had intended it to apply to such claims, it could have done so. Indeed, the statute has been amended on several occasions to modify the language of the statute and to include additional criminal statutes to which it applies. Yet, despite multiple revisions, 18 U.S.C. § 1595 – the specific statute upon which Plaintiffs' TVPRA claims rely – has never been included in Masha's Law. Accordingly, because Plaintiffs' TVPRA claims are based on alleged violations of 18 U.S.C. § 1595 and Masha's Law is inapplicable to violations of that statute, Plaintiffs' claims for recovery pursuant to Masha's Law (18 U.S.C. § 2255) should be properly dismissed.

### b.  *Plaintiffs did not state a claim for public nuisance or public nuisance per se upon which relief can be granted.*

The Complaint is replete with legal conclusions and naked assertions under Plaintiffs' claims for public nuisance or public nuisance *per se* that are insufficient to state a claim for relief. Georgia law provides that "[a] public nuisance is one which *damages all persons* who come within the sphere of its operation, though it may vary in its effects on individuals." *See* O.C.G.A. § 41-1-2 (emphasis added). Although a

public nuisance generally does not give a right of action, O.C.G.A. § 41-1-3 further explains "if a public nuisance *in which the public does not participate* causes special damage to an individual, such special damage shall give a right of action." O.C.G.A. § 41-1-3 (emphasis added). These are the necessary elements of a public nuisance action, and they are missing from Plaintiffs' Complaint.

Despite Plaintiffs reference to the statutory language, they failed to provide facts specific to these Defendants or the alleged damage to all persons coming into the sphere of the nuisance. Nor did they offer any facts as to the persons of the public, other than Plaintiffs, who were allegedly damaged. A mere allegation that simply recites the statutory language is not sufficient to establish a public nuisance claim against either Defendant. Furthermore, it is significant that Plaintiffs' Complaint is a shotgun pleading in violation of the FED. R. CIV. P. 8 that fails to make any distinction between the named Defendants and their role in constituting an alleged public nuisance.

Even more importantly, Georgia law authorizes a cause of action for a public nuisance *only* when the public does *not* participate and it causes special damage to an individual. *See* O.C.G.A. § 41-1-3. Here, Plaintiffs assert the opposite – the public did in fact participate in the alleged nuisance based on Plaintiffs' claims that "a large number of buyers frequented the Motel each day" and that Plaintiffs were forced to accompany numerous different men into their motel rooms for each day. (*See* Pl.

Compl., at ¶¶ 23, 25). For all of these reasons, Plaintiffs' claims for public nuisance and nuisance *per se* must be dismissed.

### c. Plaintiffs claim for punitive damages cannot survive a motion to dismiss.

Plaintiffs did not specify the authority allegedly supporting their claim for punitive damages but recited the statutory language of O.C.G.A. § 51-12-5.1, which provides that "[p]unitive damages may be awarded only in such tort actions in which it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences." They offer no factual detail or description as to how Defendant Khushal Hospitality, LLC or how Defendant Khushal Hospitality Management, LLC, acted willfully, wantonly, or showed an entire want of care. This legal conclusion, without more, cannot survive a motion to dismiss. Indeed, the law is clear that legal conclusions and naked assertions without factual support are insufficient to state a claim. *Iqbal*, 556 U.S. at 678; *Hornbeam Special Situations, LLC*, 391 F. Supp. 3d at 1222. Accordingly, Plaintiffs' claim for punitive damages against the Defendants must be dismissed.

### d. Plaintiffs offered no facts supporting their claim for attorneys' fees, and without more, the claim must be dismissed.

Similarly, Plaintiffs claim that "Defendants' actions evidence a species of bad faith, were and are stubbornly litigious, and have caused Plaintiffs undue expense…" (*See* Pl. Compl., at ¶ 84.)  Yet, they again failed to support this allegation with any facts or explanation of the specific actions of the Defendants – or specific acts of each Defendant – that allegedly exhibit bad faith, stubbornly litigiousness, or explain how Defendants caused them undue expense. This claim should be dismissed because legal conclusions unsupported by factual allegations are insufficient to state a claim. Moreover, Plaintiffs' claims for attorneys' fees cite various statutes authorizing an award of attorney's fees when certain circumstances are proven, yet Plaintiffs neglected to plausibly allege how any of the statutes, and specifically how O.C.G.A. §§ 9-11-68 and 9-15-14 apply and authorize such an award against these Defendants. For this reason, Plaintiffs' claim for attorneys' fees and expenses of litigation also fails.

Lastly, to the extent that Plaintiffs' Complaint seems to assert a negligence claim against the Defendants, Defendants move this Court to dismiss such a claim as barred by the statute of limitations. Although "negligence" is not listed as a specific claim or "Count" in the later part of Plaintiffs' Complaint, there are eight (8) paragraphs in which Plaintiffs contend the Defendants "negligently" did or "negligently failed" to do something underneath Plaintiffs' section titled "Defendants' Negligent Failure to Act." (*See* Pl. Compl., at ¶¶ 31-38). Under

Georgia law, a party has two years from the date of injury to bring a cause of action against another party for that personal injury, including a negligence claim. See O.C.G.A. 9-3-33. Here, Plaintiffs' sex trafficking occurred in 2014 and 2015, which is more than 10 years from the date they filed their Complaint against Defendants in May of 2026. Accordingly, any such negligence claim is far past the statute of limitations and must be dismissed.

## IV.    Conclusion

For the foregoing reasons, Defendants Khushal Hospitality, LLC and Khushal Hospitality Manager, LLC respectfully request that this Court GRANT the Motion to Dismiss Plaintiff's claims for statutory liability under 18 U.S.C. § 2255, public nuisance, per se public nuisance, negligence, punitive damages, and attorneys' fees, in addition to all other relief this Court deems just and fair under the circumstances.

Respectfully submitted, this 18th day of June, 2026.

SWIFT, CURRIE, McGHEE & HIERS

By:    */s/ Kori E. Wagner*
    KORI E. WAGNER
    Georgia Bar No.: 155438
    MARISSA H. MERRILL
    Georgia Bar No. 216039
    TRACY A. GILMORE
    Georgia Bar No. 633193
    *Attorneys for Defendants*

1420 Peachtree Street, NE, Suite 800
Atlanta, GA 30309-4347

-13-

(404) 874-8800
kori.wagner@swiftcurrie.com
marissa.merrill@swiftcurrie.com
tracy.gilmore@swiftcurrie.com

## **CERTIFICATE OF COMPLIANCE**

Counsel hereby certifies that this document has been prepared with one of the font and point selections approved by the Court pursuant to L.R. 5.1(C) of the Northern District of Georgia, specifically, 14 point, Times New Roman font.

SWIFT, CURRIE, McGHEE & HIERS

By:    */s/ Kori E. Wagner*
      KORI E. WAGNER
      Georgia Bar No.: 155438
      MARISSA H. MERRILL
      Georgia Bar No. 216039
      TRACY A. GILMORE
      Georgia Bar No. 633193
      *Attorneys for Defendants*

1420 Peachtree Street, NE, Suite 800
Atlanta, GA 30309-4347
(404) 874-8800
kori.wagner@swiftcurrie.com
marissa.merrill@swiftcurrie.com
tracy.gilmore@swiftcurrie.com

-14-

-15-

## CERTIFICATE OF SERVICE

This is to certify that on the 18th day of June, 2026, I have caused to be served upon counsel for all parties a true and correct copy of the foregoing ***Brief in Support of Defendant Khushal Hospitality, LLC and Khushal Hospitality Manager, LLC's Motion to Dismiss Certain Claims*** by filing same through use of the Court's online filing system, the CM/ECF system for the United States District Court for the Northern District of Georgia, which will serve all counsel of record.

SWIFT, CURRIE, McGHEE & HIERS

By:    */s/ Kori E. Wagner*
         KORI E. WAGNER
         Georgia Bar No.: 155438
         MARISSA H. MERRILL
         Georgia Bar No. 216039
         TRACY A. GILMORE
         Georgia Bar No. 633193
         *Attorneys for Defendants*

1420 Peachtree Street, NE, Suite 800
Atlanta, GA 30309-4347
(404) 874-8800
kori.wagner@swiftcurrie.com
marissa.merrill@swiftcurrie.com
tracy.gilmore@swiftcurrie.com

4855-6363-7998, v. 1

-15-