**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| H.A. and L.Y., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | NO. 1:26-cv-2921-TWT |
| | ) | |
| KHUSHAL HOSPITALITY LLC, | ) | |
| KHUSHAL HOSPITALITY | ) | |
| MANAGER, LLC, and JOHN | ) | |
| DOES 1-5, | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT KHUSHAL HOSPITALITY LLC TO PLAINTIFFS' COMPLAINT**

COMES NOW, Defendant KHUSHAL HOSPITALITY, LLC (hereinafter "Defendant Khushal Hospitality") in the above-styled action, and files its Answer and Affirmative Defenses to Plaintiffs' Complaint showing the Court as follows:

**FIRST AFFIRMATIVE DEFENSE**

Plaintiffs have failed to state a claim for which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by the fact that no act or omission by Defendant Khushal Hospitality caused Plaintiffs' alleged injuries or damages.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred on the grounds of acquiescence, waiver, estoppel, and/or laches.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the applicable statute of limitations or statute of repose.

### FIFTH AFFIRMATIVE DEFENSE

The losses, if any, sustained by Plaintiffs were the result of conduct of persons or entities over whom Defendant Khushal Hospitality has no control or responsibility, and for whose conduct Defendant Khushal Hospitality is thus not liable.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Defendant Khushal Hospitality are barred because there is no causal connection between any alleged act, error, or omission by Defendant Khushal Hospitality and the Plaintiffs' alleged injuries or damages.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant Khushal Hospitality hereby gives notice that it intends to rely upon such other defenses as may become apparent during the course of discovery and thus expressly reserves the right to amend this Answer to assert such defenses.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs willingly, knowingly, and voluntarily exposed themselves to and assumed the risk and therefore, Plaintiffs' recovery is barred.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged damages were caused by a superseding and intervening act, which was beyond the knowledge or control of Defendant Khushal Hospitality.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because of her own comparative negligence.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendant Khushal Hospitality acted in accordance with the applicable standard of care under the circumstances.

### TWELFTH AFFIRMATIVE DEFENSE

The imposition of punitive damages in this case is improper, as there is an absence of a showing of malicious intent to cause harm to the Plaintiffs.

### THIRTEENTH AFFIRMATIVE DEFENSE

An award of punitive or exemplary damages in this action would constitute a violation of this Defendant's right to due process of law under the Due Process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and under paragraphs 1 and 2 of Article 1 of the Georgia Constitution because

-3-

Georgia does not have sufficient procedural safeguards to ensure that the jury's discretion in awarding punitive damages was reasonably constrained. Therefore, any award of punitive damages would be an excessive and arbitrary deprivation of property without due process of law.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint which seeks punitive damages, violates this Defendant's rights to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and Article I, Section I, Paragraph XVII of the Constitution of the State of Georgia and violates this Defendant's right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of Georgia and therefore fails to state a cause of action or set forth a claim supporting the punitive damages claimed.

### FIFTEENTH AFFIRAMTIVE DEFENSE

Without limiting the generality of the previous defense, an award of punitive damages against this Defendant would violate its due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Article 1, Section 1, Paragraph 1 of the Constitution of Georgia because (1) this Defendant had no notice of or means of ascertaining whether, or in what amount it might be subject to a penalty of punitive damages for the conduct alleged by Plaintiff in this

case, which lack of notice is compounded by absence of any adequate or meaningful standards as to the kind of conduct that might subject Defendant to punitive damages or as to the potential amount of such an award; (2) an award of punitive damages under Georgia law does not give cognizance to the comparability of the award to awards in other, similar cases; (3) an award of punitive damages in Georgia under Georgia's statute does not give adequate consideration to the proportionality of the punitive damages awarded to the alleged wrong done to Plaintiffs, and (4) no provision of Georgia law or the Georgia punitive damages scheme provides adequate procedural safeguards consistent with the criteria set forth in State Farm Mutual Auto, Ins. Co. v. Campbell,538 U.S. 408 (2003); Cooper Industries, Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424(2001); BMW of North America, Inc. v. Gore, 517 U.S. 559 (1996); Pacific Mutual Life Ins. Co. v. Haslip, 499 U.S. 1 (1990); and Matthews v. Eldridge, 424 U.S. 319 (1976) for the imposition of a punitive award.

### SIXTEENTH AFFIRMATIVE DEFENSE

Any attempted application of Georgia law in this case regarding any claim for "punitive damages" against Defendant Khushal Hospitality would be unconstitutional for the following reasons:

(1) Defendant Khushal Hospitality did nothing for which it should be punished, penalized, or deterred and therefore any recovery of "punitive damages"

against Defendant Khushal Hospitality would deprive it of property without due process of law in violation of the Fourteenth Amendment of the United States Constitution and in violation of Article 1, Section 1, Paragraph 1 of the Constitution of the State of Georgia;

(2) Any recovery of "punitive damages" against Defendant Khushal Hospitality would violate the provisions of Article 1, Section 1, Paragraph 2 of the Constitution of the State of Georgia;

(3) Any recovery of "punitive damages" against Defendant Khushal Hospitality would deprive it of its right to substantive due process as guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of Georgia;

(4) Any recovery of "punitive damages" would violate the guaranty against "excessive fines" as provided in the Eighth Amendment of the United States Constitution and Article 1, Section 1, Paragraph 17 of the Constitution of the State of Georgia

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claim for punitive damages against Defendant Khushal Hospitality cannot be maintained, because an award of punitive damages under current Georgia law would be void for vagueness, both facially and as applied. Among other deficiencies, there is an absence of adequate notice of what conduct

-6-

is subject to punishment; an absence of adequate notice of what punishment may be imposed; an absence of a predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose; a risk that punitive damages will be imposed retrospectively based on conduct that was not deemed punishable at the time the conduct occurred; and it would permit and encourage arbitrary and discriminatory enforcement, all in violation of the due process clause of the Fourteenth Amendment to the United States Constitution, Article 1, Section 1, Paragraph 1 of the Constitution of the State of Georgia, and the common law and public policies of the State of Georgia.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claim for punitive damages against Defendant Khushal Hospitality cannot be maintained, because any award of punitive damages under Georgia law would be by a jury that (1) is not provided standards of sufficient clarity for determining the appropriateness, and the appropriate size, of a punitive damages award, (2) is not adequately instructed on the limits on punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the residence, wealth, and corporate status

-7-

of Defendant Khushal Hospitality, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, and (5) is not subject to adequate trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of objective standards.  Any such verdict would violate this Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Article 1, Section 1, Paragraphs 1 and 2 of the Georgia Constitution, and would be improper under the common law and public policies of the State of Georgia.

### NINTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for attorney's fees are unwarranted and unsupported by any construction of the facts of this case pursuant to O.C.G.A. §§ 13-6-11, 9-11-68, 9-15-14, 18 U.S.C. § 1595(a), or otherwise. As such, Plaintiffs' claims for attorney's fees should be dismissed.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims for punitive damages are unwarranted and unsupported by any construction of the facts of this case. As such, Plaintiffs' claims for punitive damages should be dismissed.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs have failed to join indispensable parties under Fed. R. Civ. P. 19.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

If there is any liability against this Defendant, which liability it specifically denies, then pursuant to O.C.G.A. §§ 51-12-31 and 51-12-33 such liability should be compared to the fault of Plaintiffs and the other parties and actors involved in the matters alleged in Plaintiffs' Complaint and apportioned accordingly under Georgia law. These individuals may include Plaintiffs' trafficker(s) and "Johns" who allegedly purchased commercial sex acts from Plaintiff(s) and will be further identified after Plaintiffs' identities become known.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs cannot recover against this Defendant because Plaintiffs, by the exercise of ordinary care, could have avoided the consequences of any act, or failure to act, by Defendant or its agents.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Answering now the separate paragraphs of Plaintiffs' Complaint, Defendant Khushal Hospitality shows the Court as follows:

1.

Defendant Khushal Hospitality does not have sufficient knowledge or information to either admit or deny the allegations contained in the first and second sentences of Paragraph 1 of Plaintiffs' Complaint. Defendant Khushal Hospitality denies the allegations contained in the third sentence of Paragraph 1 of Plaintiffs' Complaint. By way of further response, Defendant does not consent to a wholesale embargo regarding the identify of Plaintiffs and reserves all rights to conduct discovery, including the use of Plaintiffs' name, to identify witnesses who may have knowledge of the alleged events and gathering necessary information from potential third-parties in order to preserve and present its defenses in this case. In further response, Defendant Khushal Hospitality denies that it has any knowledge or information regarding the alleged trafficking of Plaintiffs. Defendant Khushal Hospitality further denies that it was involved, in any way, with the alleged trafficking or prostitution of Plaintiffs. Defendant Khushal Hospitality denies the remaining allegations contained in Paragraph 1 of Plaintiffs' Complaint.

2.

For answer to Paragraph 2 of Plaintiffs' Complaint, Defendant Khushal Hospitality admits that it is a Georgia limited liability company that owns and operates the Motel 6, located at 1200 Virginia Ave., Atlanta, Georgia 30306 ("Motel 6") and received profits from its business operations of the Motel. By way

-10-

of further response, Defendant Khushal Hospitality denies that it has any knowledge or information regarding the alleged trafficking of Plaintiffs. Defendant Khushal Hospitality further denies that it was involved, in any way, with the alleged trafficking of Plaintiffs.

3.

Defendant Khushal Hospitality does not have sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 3 of Plaintiffs' Complaint, and therefore must deny the same. For further response, Defendant Khushal Hospitality emphasizes that Plaintiffs' identities and the identity of their trafficker(s) is currently unknown to this Defendant.

4.

For answer to Paragraph 4 of Plaintiffs' Complaint, Defendant Khushal Hospitality admits that it owned and operated the Motel located at 1200 Virginia Avenue, Atlanta, Georgia 30344. Defendant Khushal Hospitality admits that it received financial profits from its business operation of this Motel. Defendant Khushal Hospitality denies the remaining allegations contained in Paragraph 4 of Plaintiffs' Complaint. By way of further response, Defendant Khushal Hospitality specifically denies all liability pursuant to Plaintiffs' claims.

5.

Defendant Khushal Hospitality denies the allegations contained in Paragraph 5 of Plaintiffs' Complaint, including subparagraphs a - i. By way of further response, Defendant Khushal Hospitality denies that it has any knowledge or information regarding the alleged trafficking of Plaintiffs. Defendant Khushal Hospitality further denies that any of its officers, directors, agents, employees, or representatives were involved, in any way, with the alleged trafficking of Plaintiffs.

6.

Defendant Khushal Hospitality denies the allegations contained in Paragraph 6 of Plaintiffs' Complaint.

7.

Defendant Khushal Hospitality does not have sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 7 of Plaintiffs' Complaint, and therefore must deny the same.

8.

The allegations contained in Paragraph 8 of Plaintiffs' Complaint contain legal conclusions to which this Defendant cannot respond, and no response is required. To the extent a response is required, Defendant Khushal Hospitality denies the allegations contained in Paragraph 8 of Plaintiffs' Complaint, including

subparagraphs a - b. To the extent Plaintiffs attempt to characterize or interpret the law, Defendant Khushal Hospitality denies those allegations.

9.

Defendant Khushal Hospitality denies the allegations contained in Paragraph 9 of Plaintiffs' Complaint.

10.

The allegations contained in Paragraph 10 of Plaintiffs' Complaint contain legal conclusions to which this Defendant cannot respond, and no response is required. To the extent a response is required, Defendant Khushal Hospitality admits the allegations contained in the first sentence of Paragraph 10 of Plaintiffs' Complaint. To the extent Plaintiffs attempt to characterize or interpret the law, Defendant Khushal Hospitality denies those allegations. Defendant Khushal Hospitality denies the remaining allegations contained in Paragraph 10 of Plaintiffs' Complaint.

11.

Defendant Khushal Hospitality denies the allegation contained in Paragraph 11 of Plaintiffs' Complaint.

**Alleged Parties, Jurisdiction, and Venue**

12.

Defendant Khushal Hospitality does not have sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 12 of Plaintiffs' Complaint, and therefore must deny the same.

13.

For answer to Paragraph 13 of Plaintiffs' Complaint, Defendant Khushal Hospitality admits that it owned and operated the Motel and received financial profits from its business operation of this Motel. Defendant Khushal Hospitality denies the remaining allegations contained in Paragraph 13 of Plaintiffs' Complaint, as stated. By way of further response, Defendant Khushal Hospitality specifically denies all liability pursuant to Plaintiffs' claims

14.

Defendant Khushal Hospitality admits the allegations contained in Paragraph 14 of Plaintiffs' Complaint.

15.

Defendant Khushal Hospitality admits the allegations contained in Paragraph 15 of Plaintiffs' Complaint.

**Plaintiffs H.A. and L.Y.'s Alleged Sex Trafficking at the Motel**

16.

Defendant Khushal Hospitality does not have sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 16 of Plaintiffs' Complaint, and therefore must deny the same.

17.

Defendant Khushal Hospitality does not have sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 17 of Plaintiffs' Complaint, and therefore must deny the same. By way of further response, Defendant Khushal Hospitality denies that it has any knowledge or information regarding the alleged trafficking of Plaintiffs. Defendant Khushal Hospitality further denies that it was involved, in any way, with the alleged trafficking of Plaintiffs

18.

Defendant Khushal Hospitality denies the allegations contained in Paragraph 18 of Plaintiffs' Complaint.

19.

Defendant Khushal Hospitality does not have sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 19 of Plaintiffs' Complaint, and therefore must deny the same.

-15-

20.

For response to Paragraph 20 of Plaintiffs' Complaint, Defendant Khushal Hospitality admits that some Motel employees may have lived at the Motel in 2014 and 2015. Defendant Khushal Hospitality denies the remaining allegations contained in Paragraph 20 of Plaintiffs' Complaint. In further response, Defendant Khushal Hospitality denies that it has any knowledge or information regarding the alleged trafficking or prostitution of Plaintiffs, or others as alleged in Paragraph 20 of Plaintiffs' Complaint.

21.

Defendant Khushal Hospitality does not have sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 21 of Plaintiffs' Complaint. For further response, Defendant Khushal Hospitality emphasizes that Plaintiffs' identities are currently unknown to this Defendant.

22.

Defendant Khushal Hospitality does not have sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 22 of Plaintiffs' Complaint. For further response, Defendant Khushal Hospitality emphasizes that Plaintiffs' identities and identities of Plaintiffs' trafficker(s) are currently unknown to this Defendant.

23.

Defendant Khushal Hospitality denies the allegations contained in Paragraph 23 of Plaintiffs' Complaint.

24.

Defendant Khushal Hospitality does not have sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 24 of Plaintiffs' Complaint.

25.

Defendant Khushal Hospitality denies the allegations contained in Paragraph 25 of Plaintiffs' Complaint.

26.

Defendant Khushal Hospitality denies the allegations contained in Paragraph 26 of Plaintiffs' Complaint.

**Defendants' Alleged Knowledge of Prior Crime and Sex Trafficking at the Motel**

27.

Defendant Khushal Hospitality denies the allegations contained in Paragraph 27 of Plaintiffs' Complaint.

28.

Defendant Khushal Hospitality denies the allegations contained in Paragraph 28 of Plaintiffs' Complaint as stated. In further response, Defendant Khushal

-17-

Hospitality admits only that it had been informed by previous owners of the Property about a history of certain crimes occurring in the parking lot, but specifically denies that it had any knowledge about sex trafficking occurring at the Property.

> **Commented [MM1]:** Should we admit knowing about some crimes?
>
> **Commented [MM2R1]:** In prior Khushal answer, we put "Defendant admits only that Nilesh Patel acknowledged that the prior owners of Motel 6 told him about former drugs and prostitution activities in the Motel 6 parking lot"

29.

Defendant Khushal Hospitality denies the allegations contained in Paragraph 29 of Plaintiffs' Complaint.

30.

Defendant Khushal Hospitality denies the allegations contained in Paragraph 30 of Plaintiffs' Complaint as stated. In further response, Defendant Khushal Hospitality admits only that it had been informed by previous owners of the Property about a history of certain crimes occurring in the parking lot, but specifically denies that it had any knowledge about sex trafficking occurring at the Property.

**Defendants' Alleged Negligent Failure to Act**

31.

Defendant Khushal Hospitality denies the allegations contained in Paragraph 31 of Plaintiffs' Complaint.

-18-

32.

Defendant Khushal Hospitality denies the allegations contained in Paragraph 32 of Plaintiffs' Complaint.

33.

Defendant Khushal Hospitality denies the allegations contained in Paragraph 33 of Plaintiffs' Complaint.

34.

Defendant Khushal Hospitality denies the allegations contained in Paragraph 34 of Plaintiffs' Complaint.

35.

Defendant Khushal Hospitality denies the allegations contained in Paragraph 35 of Plaintiffs' Complaint.

36.

Defendant Khushal Hospitality denies the allegations contained in Paragraph 36 of Plaintiffs' Complaint.

37.

Defendant Khushal Hospitality denies the allegations contained in Paragraph 37 of Plaintiffs' Complaint.

38.

Defendant Khushal Hospitality denies the allegations contained in Paragraph 38 of Plaintiffs' Complaint.

39.

Defendant Khushal Hospitality denies the allegations contained in Paragraph 39 of Plaintiffs' Complaint.

**<u>Defendants' Alleged Knowledge of Sex Trafficking Generally</u>**

40.

In response to Paragraph 40 of Plaintiffs' Complaint, Defendant Khushal Hospitality admits that it has knowledge of the general existence of sex trafficking and its illegality. All remaining allegations of Paragraph 40 of Plaintiffs' Complaint are denied.

41.

In response to Paragraph 41 of Plaintiffs' Complaint, Defendant Khushal Hospitality admits that it has knowledge of the general existence of sex trafficking and its illegality. To the extent that Paragraph 41 of Plaintiffs' Complaint alleges that the Motel 6 was a "hub of sex trafficking" and had prevalent crime, those allegations are denied, as pled. Defendant Khushal Hospitality denies the remaining allegations contained in Paragraph 41 of Plaintiffs' Complaint.

-20-

42.

Defendant Khushal Hospitality denies the allegations contained in Paragraph 42 of Plaintiffs' Complaint, as pled.

43.

Defendant Khushal Hospitality denies the allegations contained in Paragraph 43 of Plaintiffs' Complaint, as pled. In further response, Defendant Khushal Hospitality states that reference to a 2015 Supreme Court decision is irrelevant to Defendant Khushal Hospitality's alleged knowledge at or about the time of the alleged trafficking of Plaintiffs in 2014 and an unidentified period in 2015, which was prior to the issuance of the referenced Court opinion.

44.

Defendant Khushal Hospitality denies the allegations contained in Paragraph 44 of Plaintiffs' Complaint, as pled.

45.

Defendant Khushal Hospitality denies the allegations contained in Paragraph 45 of Plaintiffs' Complaint, as pled.

46.

Defendant Khushal Hospitality denies the allegations contained in Paragraph 46 of Plaintiffs' Complaint, as pled, including subparagraphs a through f.

47.

Defendant Khushal Hospitality denies the allegations contained in Paragraph 47 of Plaintiffs' Complaint, as pled.

48.

Defendant Khushal Hospitality denies the allegations contained in Paragraph 48 of Plaintiffs' Complaint, as pled, including subparagraphs a - p.

49.

Defendant Khushal Hospitality does not have sufficient knowledge or information to either admit or deny the allegations contained in the first sentence of Paragraph 49 of Plaintiffs' Complaint. Defendant Khushal Hospitality denies the remaining allegations contained in Paragraph 49 of Plaintiffs' Complaint.

### Count I:
### ALLEGED STATUTORY LIABILITY: SEX TRAFFICKING 18 U.S.C § 1595 and MASHA'S LAW, 18 U.S.C § 2255

50.

Defendant Khushal Hospitality incorporates by reference its responses to Paragraphs 1 – 49, above, as if fully restated herein.

51.

Defendant Khushal Hospitality denies the allegations contained in Paragraph 51 of Plaintiffs' Complaint.

52.

Defendant Khushal Hospitality denies the allegations contained in Paragraph 52 of Plaintiffs' Complaint.

53.

Defendant Khushal Hospitality denies the allegations contained in Paragraph 53 of Plaintiffs' Complaint.

54.

Defendant Khushal Hospitality does not have sufficient knowledge or information to either admit or deny the allegations contained in the first sentence of Paragraph 54 of Plaintiffs' Complaint. Defendant Khushal Hospitality denies the remaining allegations contained in Paragraph 54 of Plaintiffs' Complaint.

55.

Defendant Khushal Hospitality denies the allegations contained in Paragraph 55 of Plaintiffs' Complaint.

56.

Defendant Khushal Hospitality denies the allegations contained in Paragraph 56 of Plaintiffs' Complaint.

57.

Defendant Khushal Hospitality denies the allegations contained in Paragraph 57 of Plaintiffs' Complaint.

58.

The allegations contained in Paragraph 58 of Plaintiffs' Complaint contain a legal conclusion to which this Defendant cannot respond, and no response is required. To the extent a response is required, Defendant Khushal Hospitality denies the allegations contained in Paragraph 58 of Plaintiffs' Complaint.

59.

Defendant Khushal Hospitality denies the allegations contained in Paragraph 59 of Plaintiffs' Complaint, as stated.

60.

The allegations contained in Paragraph 60 of Plaintiffs' Complaint contain a legal conclusion to which this Defendant cannot respond, and no response is required. To the extent a response is required, Defendant Khushal Hospitality denies the allegations contained in Paragraph 60 of Plaintiffs' Complaint.

61.

The allegations contained in Paragraph 61 of Plaintiffs' Complaint contain a legal conclusion to which this Defendant cannot respond, and no response is required. To the extent a response is required, Defendant Khushal Hospitality denies the allegations contained in Paragraph 61 of Plaintiffs' Complaint.

62.

Defendant Khushal Hospitality does not have sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 62 of Plaintiffs' Complaint.

63.

Defendant Khushal Hospitality denies the allegations contained in Paragraph 63 of Plaintiffs' Complaint.

64.

Defendant Khushal Hospitality denies the allegations contained in Paragraph 64 of Plaintiffs' Complaint.

65.

The allegations contained in Paragraph 65 of Plaintiffs' Complaint contain a legal conclusion to which this Defendant cannot respond, and no response is required. To the extent a response is required, Defendant Khushal Hospitality denies the allegations contained in Paragraph 65 of Plaintiffs' Complaint.

66.

Defendant Khushal Hospitality denies the allegations contained in Paragraph 66 of Plaintiffs' Complaint.

## COUNT II:
## ALLEGED NUISANCE

67.

Defendant Khushal Hospitality incorporates by reference its responses to Paragraphs 1 – 66, above, as if fully restated herein.

68.

For answer to Paragraph 68 of Plaintiffs' Complaint, Defendant Khushal Hospitality responds that statute O.C.G.A. § 41-1-1 speaks for itself. To the extent Plaintiffs attempt to characterize or interpret the law, Defendant Khushal Hospitality denies those allegations.

69.

For answer to Paragraph 69 of Plaintiffs' Complaint, Defendant Khushal Hospitality responds that statute O.C.G.A. § 41-1-2 speaks for itself. To the extent Plaintiffs attempt to characterize or interpret the law, Defendant Khushal Hospitality denies those allegations.

70.

For answer to Paragraph 70 of Plaintiffs' Complaint, Defendant Khushal Hospitality responds that statute O.C.G.A. § 41-1-3 speaks for itself. To the extent Plaintiffs attempt to characterize or interpret the law, Defendant Khushal Hospitality denies those allegations.

71.

For answer to Paragraph 71 of Plaintiffs' Complaint, Defendant Khushal Hospitality responds that statute O.C.G.A. § 41-3-1 speaks for itself. To the extent Plaintiffs attempt to characterize or interpret the law, Defendant Khushal Hospitality denies those allegations.

**Alleged Public Nuisance**

72.

Defendant Khushal Hospitality denies the allegations contained in Paragraph 72 of Plaintiffs' Complaint.

73.

Defendant Khushal Hospitality denies the allegations contained in Paragraph 73 of Plaintiffs' Complaint.

74.

Defendant Khushal Hospitality denies the allegations contained in Paragraph 74 of Plaintiffs' Complaint.

75.

Defendant Khushal Hospitality denies the allegations contained in Paragraph 75 of Plaintiffs' Complaint.

TWT Document 9 Filed 06/18/26 Page 28 of 33

**Alleged Public Nuisance Per Se**

76.

Defendant Khushal Hospitality denies the allegations contained in Paragraph 76 of Plaintiffs' Complaint.

77.

The allegations contained in Paragraph 77 of Plaintiffs' Complaint contain a legal conclusion to which this Defendant cannot respond, and no response is required. To the extent a response is required, Defendant Khushal Hospitality denies the allegations contained in Paragraph 77 of Plaintiffs' Complaint.

78.

The allegations contained in Paragraph 78 of Plaintiffs' Complaint contain a legal conclusion to which this Defendant cannot respond, and no response is required. To the extent a response is required, Defendant Khushal Hospitality denies the allegations contained in Paragraph 78 of Plaintiffs' Complaint.

79.

Defendant Khushal Hospitality denies the allegations contained in Paragraph 79 of Plaintiffs' Complaint.

80.

Defendant Khushal Hospitality denies the allegations contained in Paragraph 80 of Plaintiffs' Complaint.

-28-

**ALLEGED DAMAGES**

81.

Defendant Khushal Hospitality incorporates by reference its responses to Paragraphs 1 – 80, above, as if fully restated herein.

82.

Defendant Khushal Hospitality denies the allegations contained in Paragraph 82 of Plaintiffs' Complaint, including subparagraphs a -g.

83.

Defendant Khushal Hospitality denies the allegations contained in Paragraph 83 of Plaintiffs' Complaint. In further response, Defendant Khushal Hospitality denies that Plaintiffs are entitled to an award of punitive damages against this Defendant.

84.

Defendant Khushal Hospitality denies the allegations contained in Paragraph 84 of Plaintiffs' Complaint. In further response, Defendant Khushal Hospitality denies that it has acted in bad faith, been stubbornly litigious, and/or caused Plaintiffs undue expense. Accordingly, Defendant Khushal Hospitality denies that Plaintiffs are entitled to recover their alleged necessary expenses of litigation against this Defendant, including any award of reasonable attorneys' fees and

expenses permitted by O.C.G.A. §§ 13-6-11, 9-11-68, 9-15-14, 18 U.S.C. § 1595(a), or any other Georgia or federal laws that might permit such an award.

85.

Defendant Khushal Hospitality denies that Plaintiffs are entitled to the relief sought in their WHEREFORE paragraph and prayer for relief, including all subparts. In further response, Defendant Khushal Hospitality asserts that if any allegations of Plaintiffs' Complaint have been neither admitted nor denied in the course of this Answer, they are hereby denied.

Wherefore, having fully responded, Defendant KHUSHAL HOSPITALITY, LLC, respectfully prays as follows:

A.    Plaintiffs' Complaint be dismissed with prejudice;

B.    Defendant Khushal Hospitality be awarded its attorneys' fees and costs incurred in connection with the defense of this action;

C.    For interest on the foregoing sums at the highest rate allowable at law; and

D.    For such other and further relief as the Court deems appropriate.

**DEMAND FOR TRIAL BY JURY OF TWELVE (12) PERSONS**

-30-

Respectfully submitted, this 18th day of June, 2026.

SWIFT, CURRIE, McGHEE & HIERS

By:    */s/ Kori E. Wagner*
         KORI E. WAGNER
         Georgia Bar No.: 155438
         MARISSA H. MERRILL
         Georgia Bar No. 216039
         TRACY A. GILMORE
         Georgia Bar No. 633193
         *Attorneys for Defendants*

1420 Peachtree Street, NE, Suite 800
Atlanta, GA 30309-4347
(404) 874-8800
kori.wagner@swiftcurrie.com
marissa.merrill@swiftcurrie.com
tracy.gilmore@swiftcurrie.com

-31-

### CERTIFICATE OF COMPLIANCE

Counsel hereby certifies that this document has been prepared with one of the font and point selections approved by the Court pursuant to L.R. 5.1(C) of the Northern District of Georgia, specifically, 14 point, Times New Roman font.

SWIFT, CURRIE, McGHEE & HIERS

By:   */s/ Kori E. Wagner*
  KORI E. WAGNER
  Georgia Bar No.: 155438
  MARISSA H. MERRILL
  Georgia Bar No. 216039
  TRACY A. GILMORE
  Georgia Bar No. 633193
  *Attorneys for Defendants*

1420 Peachtree Street, NE, Suite 800
Atlanta, GA 30309-4347
(404) 874-8800
kori.wagner@swiftcurrie.com
marissa.merrill@swiftcurrie.com
tracy.gilmore@swiftcurrie.com

**CERTIFICATE OF SERVICE**

This is to certify that on the 18th day of June, 2026, I have caused to be served upon counsel for all parties a true and correct copy of the foregoing ***Answer and Affirmative Defenses of Defendant Khushal Hospitality, LLC to Plaintiffs' Complaint*** by filing same through use of the Court's online filing system, the CM/ECF system for the United States District Court for the Northern District of Georgia, which will serve all counsel of record.

SWIFT, CURRIE, McGHEE & HIERS

By:   */s/ Kori E. Wagner*
       KORI E. WAGNER
       Georgia Bar No.: 155438
       MARISSA H. MERRILL
       Georgia Bar No. 216039
       TRACY A. GILMORE
       Georgia Bar No. 633193
       *Attorneys for Defendants*

1420 Peachtree Street, NE, Suite 800
Atlanta, GA 30309-4347
(404) 874-8800
kori.wagner@swiftcurrie.com
marissa.merrill@swiftcurrie.com
tracy.gilmore@swiftcurrie.com
4932-2767-4806, v. 1

-33-