IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

H.A. and L.Y.                                    :
                                                 :
   Plaintiffs,                   :
                                                 :
                         CIVIL ACTION
v.                                               :
                                                 :   FILE NO.: 1:26-cv-2921-TWT
KHUSHAL HOSPITALITY, LLC,   :
KHUSHAL HOSPITALITY              :
MANAGER, LLC, and JOHN          :
DOES 1-5                                    :
                                                 :
   Defendant.                   :

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

Plaintiffs H.A. and L.Y. ("Plaintiffs") and Khushal Hospitality, LLC and

Khushal Hospitality Manager, LLC ("Defendants") conferred and participated in the

Rule 26(f) conference on July 8, 2026, and hereby file this Joint Preliminary Report

and Discovery Plan:

**1.     Description of Case:**

(a)     Describe briefly the nature of this action:

This case arises from allegations that Plaintiffs were trafficked for sex at the

Motel 6 hotel located at 1200 Virginia Avenue, Atlanta Georgia, which is owned

and operated by Defendant Khushal Hospiality, LLC.  Plaintiffs assert a claim of statutory liability against Defendant pursuant to the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595 and Masha's Law pursuant to 18 U.S.C. § 2255, as well as claims for public nuisance, public nuisance per se, and punitive damages and attorneys' fees.  Defendants deny all of the allegations and claims asserted against them.

(b)    Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

This matter arises out of allegations that Plaintiffs suffered damages resulting from their being trafficked for sex by their trafficker(s) at the Motel 6 hotel, located at 1200 Virginia Avenue, Atlanta, Georgia 30344, beginning in 2014 through 2015. Accordingly, Plaintiffs now sues Defendants upon the belief that both Defendants were involved in owning, operating, or managing the Motel 6 hotel. Defendants deny all allegations of wrongdoing and any related liability in response to Plaintiffs' allegations.

(c)    **The legal issues to be tried are as follows:**

1.    Whether Defendant Khushal Hospiality, LLC "knowingly benefit[ted], financially or by receiving anything of value" from Plaintiffs' trafficking;

-2-

2.     Whether Defendant Khushal Hospiality Manager, LLC "knowingly benefit[ted], financially or by receiving anything of value" from Plaintiffs' trafficking;

3.     Whether Defendant Khushal Hospitality, LLC participated in a venture which it knew or should have known was engaged in sex trafficking;

4.     Whether Defendant Khushal Hospitality Manager, LLC participated in a venture which it knew or should have known was engaged in sex trafficking;

5.     Whether Defendant Khushal Hospitality, LLC operated a nuisance hotel; and

6.     Whether Defendant Khushal Hospitality Manager, LLC operated a nuisance hotel; and

7.     Whether Plaintiff H.A. suffered any damages as a result of acts or omissions by Defendants and, if so, in what amounts;

8.     Whether Plaintiff H.A. suffered any damages proximately caused by the acts or omissions of other persons or entities, and not Defendants;

9.     Whether Plaintiff L.Y. suffered any damages as a result of acts or omissions by Defendants and, if so, in what amounts;

10.    Whether Plaintiff L.Y. suffered any damages proximately caused by the acts or omissions of other persons or entities, and not Defendants;

11.    Whether any other individual(s) or entity/ies caused or contributed to Plaintiff H.A. claimed injuries and damages and, if so, the percentage attributable to any such other individual(s) or entity/ies;

12.    Whether any other individual(s) or entity/ies caused or contributed to Plaintiff L.Y. claimed injuries and damages and, if so, the percentage attributable to any such other individual(s) or entity/ies;

13.    Whether Defendants acted in bad faith, been stubbornly litigious, or has caused Plaintiff unnecessary trouble and expense; and

14.    Whether any of Defendants' actions or inactions, as supported by the evidence, are sufficient to support Plaintiff's claims for punitive damages.

(d)    **The cases listed below (include both style and action number) are:**

1.    Pending Related Cases: none

2.    Previously Adjudicated Related Cases: none

3. **This case is complex because it possesses one (1) or more of the features listed below (please check):**

**Plaintiffs:** Plaintiffs contend as follows:

_____ (1)    Unusually large number of parties

_____ (2)    Unusually large number of claims or defenses

_____ (3)    Factual issues are exceptionally complex

_____(4)    Greater than normal volume of evidence

_____(5)    Extended discovery period is needed

-5-

   X  (6)        Problems locating or preserving evidence

       (7)        Pending parallel investigations or action by government

       (8)        Multiple use of experts

       (9)        Need for discovery outside United States boundaries

       (10)      Existence of highly technical issues and proof

       (11)      Unusually complex discovery of electronically stored information

**Defendants**: Defendants contend as follows:

       (1)        Unusually large number of parties

       (2)        Unusually large number of claims or defenses

   X  (3)        Factual issues are exceptionally complex

   X  (4)        Greater than normal volume of evidence

   X  (5)        Extended discovery period is needed

   X  (6)        Problems locating or preserving evidence

       (7)        Pending parallel investigations or action by government

   X  (8)        Multiple use of experts

       (9)        Need for discovery outside United States boundaries

       (10)      Existence of highly technical issues and proof

   X  (11)      Unusually complex discovery of electronically stored information

3.      **Counsel**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

<u>**For Plaintiffs**</u>:
Patrick J. McDonough, Esq.
Tyler Dillard, Esq.
Jonathan S. Tonge
Jennifer M. Webster
Andersen, Tate, & Carr, P.C.
1960 Satellite Boulevard, Suite 400
Duluth, Georgia 30097

<u>**For Defendants**</u>
Kori E. Wagner
Marissa H. Merrill
Tracy A. Gilmore
Swift, Currie, McGhee & Hiers
1420 Peachtree Street NE, Ste. 800
Atlanta, GA 30309

4.      **Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

( ) Yes              (**x**) No

If "yes," please attach a statement not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

5.      **Parties to this Action:**

(a)     The following persons are necessary parties who have not been joined:

<u>**Plaintiffs:**</u>  **All necessary parties have been joined.**

<u>**Defendants:**</u>  **Plaintiffs' traffickers, who are currently unidentified, and**

the unidentified "Johns" or buyers.

(b)    The following persons are improperly joined as parties:

**Plaintiffs:    Plaintiffs contend that Defendant Khushal Hospitality Manager, LLC is properly joined and seek to conduct further discovery regarding same.**

**Defendants:  Defendant Khushal Hospitality Manager, LLC**

(c)    The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

**The Defendants have been referred to properly in the Complaint.**

**6.    Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15.  Further instructions regarding amendments are contained in Local Rule 15.

(a)    List separately any amendments to the pleadings which the parties anticipate will be necessary:

None.

(b)    Amendments to the pleadings submitted LATER THAN 30 DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7.    Filing Times for Motions**

All motions should be filed as soon as possible.  The local rules set specific filing limits for some motions.  These times are restated below.

All other motions must be filed WITHIN 30 DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the Court to file later.  Local Rule 7.1A(2).

(a)     *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1B.

(b)     *Summary Judgment Motions*: within thirty days after the close of discovery, unless otherwise permitted by court order.  Local Rule 56.1D.

(c)     *Other Limited Motions*: Refer to Local Rules 7.2, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d)     *Motions Objecting to Expert Testimony*: <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted.  Refer to Local Rule 7.2F.

## 8.     Initial Disclosures:

The parties are required to serve initial disclosures in accordance with Fed. R.Civ.P.26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.  NOTE: Your initial disclosures should include electronically stored information. Refer to Fed. R. Civ. P. 26(a)(1)(B).

The parties agree that initial disclosures are appropriate in this action.

## 9.     Request for Scheduling Conference:

Does any party request a scheduling conference with the Court?  If so, please state the issues which could be addressed and the position of each party.

The parties do not request a scheduling conference at this time.

## 10.     Discovery Period

The discovery period commences July 18, 2026, which is 30 days after the appearance of the first defendant by answer to the complaint. As stated in L.R. 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) month discovery period, (b) four months discovery period, and (c) eight months

discovery period.  A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F.  The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

The parties anticipate that discovery will be needed on the following topics,

however, the parties note that this list is not exhaustive and recognize that other

topics will likely arise through the normal course of discovery.

**The Parties believe that discovery will be needed on the following topics:**

a.    Identification and location of witnesses, including former and current employees of the Defendants;

b.    Defendants' alleged knowledge of trafficking for sex at its facility;

c.    Any and all interactions Plaintiff H.A. allegedly had with any of Defendants' agents, representatives, employees, or other personnel at the facility;

d.    Any and all interactions Plaintiff L.Y. allegedly had with any of Defendants' agents, representatives, employees, or other personnel at the facility;

e.    Plaintiff H.A.'s movements and location while at the hotel;

f.    Plaintiff L.Y.'s movements and location while at the hotel;

g.  The subsequent criminal investigation and prosecution of Plaintiffs' traffickers;

h.  Communications between Plaintiff H.A. and her trafficker before 2014 and after 2015;

i.  Communications between Plaintiff L.Y. and her trafficker before 2014 and after 2015;

*j.* Plaintiffs' traffickers' use of online advertisement websites used  in conjunction with the alleged trafficking of Plaintiffs;

*k.* Plaintiff H.A.'s relationships with her traffickers before and after  the trafficking alleged in her Complaint;

*l.* Plaintiff L.Y.'s relationships with her traffickers before and after  the trafficking alleged in Plaintiff's Complaint;

*m.* Whether Plaintiff H.A. sustained damages and if so, to what extent and in what amount;

*n.* Whether Plaintiff L.Y. sustained damages and if so, to what extent and in what amount;

*o.* Whether Plaintiff H.A.'s damages are a result of any act or omission by Defendants, and if so, what those damages are; and

*p.* Whether Plaintiff L.Y.'s damages are a result of any act or omission by Defendants, and if so, what those damages are; and

*q.* Plaintiff H.A.'s evidence purportedly supporting her claims for punitive damages and attorney's fees against Defendants;

*r.* Plaintiff L.Y.'s evidence purportedly supporting her claims for punitive damages and attorney's fees against Defendants;

*s.* Plaintiff H.A.'s damages as a result of any act or omission by their trafficker(s)  or other individuals or entities not named in this lawsuit; and

*t.* Plaintiff L.Y.'s damages as a result of any act or omission by their trafficker(s)  or other individuals or entities not named in this lawsuit; and

*u.* Plaintiff H.A.'s evidence purportedly supporting her claim for public nuisance and public nuisance per se against Defendants; and

> *v.* Plaintiff L.Y.'s evidence purportedly supporting her claim for public nuisance and public nuisance per se against Defendants; and

Other issues may arise as discovery proceeds. Accordingly, these categories are not exhaustive, and the Parties are free to seek any discovery that is proper under the Federal Rules of Civil Procedure.

If the Parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

The parties request eight (8) months for fact discovery. To the extent any party seeks to introduce expert testimony, the party shall disclose such expert by the close of the fact discovery period. Any experts timely identified by Plaintiffs shall then be deposed within 30 days following the close of fact discovery. Any experts timely identified by Defendants shall then be deposed within 60 days following the close of fact discovery. A proposed scheduling order is attached herewith.

**11.    Discovery Limitation and Discovery of Electronically Stored Information:**

(a)    What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

**Response**:  None at this time.  If a Party contends that such changes or limitations need to be made during discovery, the Parties will meet and confer to regarding same in an attempt to reach mutual agreement, or will otherwise then raise such issue with the Court.

(b)    Is any party seeking discovery of electronically stored information?

\_\_\_\_x\_\_\_\_ Yes                    _____ No

If "yes,"

(1)    The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

The Parties agree to exchange non-privileged electronically stored information in searchable pdf/adobe format where practical, otherwise in native form, and to the extent possible, to preserve electronically stored information in original form in the event a question arises regarding same. The Parties agree that unless a file is a TIFF in its original form, they will not convert electronically stored information into a TIFF file for production without first discussing the matter with the opposing Party and seeking to reach an agreement. The parties also agree to work together to reach an agreement and file with the Court a protocol that will govern the production of ESI in this action. In the event the parties are unable to reach an agreement within a reasonable time following the submission of the Joint Preliminary Report and Discovery Plan, the parties will request a scheduling conference.

## 12.    Other Orders:

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

-12-

The parties do not believe any orders under Rule 26(c) or Rule 16(b) and (c) are necessary at this time.

## 13.   Settlement Potential:

(a)   Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference on July 8, 2026, and that they participated in settlement discussions. Other persons who participated in the discussion are listed according to party.

**For Plaintiffs**:

Lead counsel signature:   /s/ *Tyler Dillard*

**For Defendants**:

Lead counsel Signature:   */s/ Kori E. Wagner*
Other participants:   Marissa H. Merrill

(b)   All parties were promptly informed of all offers of settlement following discussion by all counsel, it appears that there is now:

(_____)   A possibility of settlement before discovery.
(__x__)   A possibility of settlement after discovery.
(_____)   A possibility of settlement, but a conference with the judge is needed.
(_____)   No possibility of settlement.

(c) Counsel (__x__) do or (____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.

(d) The following specific problems have created a hindrance to settlement of this case:

**Plaintiffs**:   Plaintiffs have not yet been provided with Defendants' insurance coverage, but once Plaintiffs receive same, Plaintiffs will consider a possible

settlement.

**Defendants**:   Defendants are continuing to investigate the claims and allegations raised in Plaintiffs' Complaint to consider a possible settlement.

## 14.  Trial by Magistrate Judge:

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a)  The parties (___) do consent to having this case tried before a magistrate judge of this court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day of _____, 20_____.

(b)  The parties (__x__) do not consent to having this case tried before a magistrate judge of this court.

This 17th day of July, 2026.

| **ANDERSEN, TATE & CARR, P.C.** | **SWIFT, CURRIE, MCGHEE & HIERS** |
|---|---|
| */s/ Tyler Dillard_____* | *_/s/ Kori E. Wagner* |
| Patrick J. McDonough, Esq. | Kori E. Wagner, Esq. |
| Georgia Bar No. 489855 | Georgia Bar No. |
| Tyler Dillard, Esq. | Marissa H. Merrill, Esq. |
| Georgia Bar No. 115229 | Georgia Bar No. |
| Jonathan S. Tonge | Tracy A. Gilmore, Esq. |
| Georgia Bar No. 303999 | Georgia Bar No. |
| Jennifer M. Webster | ***Attorneys for Defendant*** |
| Georgia Bar No. 760381 | 1420 Peachtree Street NE, Ste. 800 |
| ***Attorneys for Plaintiff*** | Atlanta, GA 30309 |
| 1960 Satellite Boulevard, Suite 400 | Kori.wagner@swiftcurrie.com |
| Duluth, Georgia 30097 | Marissa.merrill@swiftcurrie.com |
| PHONE: (770) 822-0900 | Tracy.gilmore@swiftcurrie.com |
| pmcdonough@atclawfirm.com | |
| tdillard@atclawfirm.com | |
| jtonge@atclawfirm.com | |

-15-

jwebster@atclawfirm.com

SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

The close of fact discovery shall be March 18, 2027. To the extent any party seeks to introduce expert testimony, the party shall disclose such expert by the close of the fact discovery period. Any experts identified by Plaintiff shall be deposed by April 18, 2027. Any experts identified by Defendants shall be deposed by May 18, 2027. The Consolidated Pre-Trial Order shall be filed on or before June 18, 2027, or within thirty (30) days after entry of the Court's ruling on any pending motions for summary judgment, whichever is later.

IT IS SO ORDERED, this _____ day of _____, 2026.


_____
JUDGE THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE


4907-6495-6091, v. 1